## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:23-CV-00072-JHM**

**JOHN LEONARD BROWN**                                                                 **PLAINTIFF**

**v.**

**U.S. DEPARTMENT OF JUSTICE,** *et al.*                                   **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff John Leonard Brown filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [DN 1, DN 12, DN 13]. This matter is before the Court on initial review of the amended complaint [DN 13] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action.

### I.  SUMMARY OF CLAIMS

Plaintiff is a convicted prisoner incarcerated at Kentucky State Reformatory ("KSR"). He names as Defendants in their individual and official capacities Michael L. Alston, Director of the United States Department of Justice Civil Rights Division ("USDOJ"); Kerry Harvey, Secretary of the Kentucky Justice and Public Safety Cabinet; Cookie Crews, Commissioner of the Kentucky Department of Corrections ("KDOC"); Anna Valentine, Warden at KSR; and Lisa Craigmyle, Fiscal Manager at KSR.

Plaintiff alleges that in August 2021 he was transferred to KSR to participate in an in-patient substance abuse program. At the completion of the program, Plaintiff states that he filed a written letter on September 9, 2022, to Warden Valentine requesting an institutional transfer for programs and programing with the KDOC-Adult Institutions and Facilities. Plaintiff represents that he received a KDOC reclassification custody form "with the classification staff at [KSR] on September 16, 2022."

[DN 13 at 5].  He states that letter informed him that he is a "candidate for transfer to all facilities which meet his needs, and where the Plaintiff does not have a conflict."  [*Id.*].  Plaintiff maintains that he then sent a letter to "the Justice Public and Safety Cabinet, Kentucky Department of Corrections, Classification Central Office, Division of Population Management, Jennifer Tracy" requesting an institutional transfer for programs.  [*Id.*].  Plaintiff asserts that he was notified by Tracy that his transfer was not approved at the institutional level.

Plaintiff represents that he mailed a petition-declaration of rights to the USDOJ on February 17, 2023, complaining of the alleged violation.  According to Plaintiff, after USDOJ team members reviewed Plaintiff's information, Director Alston decided not to take any further action informing Plaintiff: "We receive thousands of reports of civil rights violations each year we unfortunately do not have the resources to take direct action for every report."  [*Id.* at 6].  Plaintiff claims by not allowing him to file a complaint with a specific formal complaint form, the USDOJ deprived him of the constitutional right "to utilize resources with the [USDOJ]."  [*Id.*].

Plaintiff further states that the KDOC recommended that he participate in a Substance Abuse Medication Alternative Treatment ("SAMAT") Program.  Plaintiff represents that he filed a letter with the KSR Inpatient Substance Abuse Program Director and KSR "Psychology Department Psychologists" on March 15, 2023, to receive SAMAT Program counseling and medication treatment per KDOC Inpatient Substance Abuse Program Aftercare.  He states that he has not received placement into the SAMAT Program or the aftercare he requested.  On May 9, 2023, Plaintiff maintains he sent another letter to Tracy for an institutional transfer, and he received no response. [*Id.* at 7].

Plaintiff alleges that he does not have access to "outside care, and/or, U.S. Department of Education, College, with the ability for (vocational) with Justice Public and Safety Cabinet, [KDOC]-

Adult Institutions-Men" at KSR.  [*Id.* at 8].  Plaintiff asserts that he has a constitutional right "to inmate access to educational opportunities," and he is being denied "inmate equal access as a constitutional right violation."  [*Id.*].

Finally, Plaintiff claims that KSR Inmate Accounts overcharged his inmate prison trust account more than 20 percent per month for payment of the filing fees associated with this case. Plaintiff states that he met with KSR Warden Valentine and KSR Fiscal Manager Craigmyle in April 2023.  Plaintiff also represents that KSR Unit Administrators recently acknowledged that inmate accounts at KSR overcharged Plaintiff.

Plaintiff claims these actions resulted in "mistreatment, procedural neglect, and indifference as cruel and unusual punishment" that violates Plaintiff's rights under the Eighth Amendment. [*Id.* at 4].  Plaintiff seeks damages and injunctive relief of a "court order to stop charge of Plaintiff's Inmate Trust Account by [KSR] for filing fees."  Additionally, Plaintiff seeks a judgment for him to receive substance abuse program aftercare in the SAMAT Program and the transfer of Plaintiff's physical person to a KDOC facility for programs, school, college, and vocational training.  [*Id.* at 10].

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  DISCUSSION

#### A.  *Bivens* **Action**

Plaintiff asserts a claim against Michael L. Alston, Director of the USDOJ Civil Rights Division in his individual and official capacity pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *Bivens* recognizes an implied private right of action for damages against individual federal government officials who violate a citizen's constitutional or federal statutory rights under color of federal law.

#### 1.  **Official-Capacity Claim**

Plaintiff sues Alston in his official capacity which is essentially a cause of action against his employer, the USDOJ Civil Rights Division.  However, it is well-settled that, as an agency of the

United States Government, the USDOJ may not be subject to suit under *Bivens*.  The United States has not waived its sovereign immunity for *Bivens* claims asserted against the United States government, its agencies, or its employees in their official capacities.  *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484–86 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Okoro v. Scibana*, 63 F. App'x 182 (6th Cir. 2003) (stating that a federal prisoner cannot bring a *Bivens* action against the Bureau of Prisons); *Mangold v. U.S. Dep't of State*, No. 4:15CV02300, 2016 U.S. Dist. LEXIS 57350, at *3 (N.D. Ohio Apr. 29, 2016) (Bivens "does not support an action against the United States government or any of its agencies.") (citation omitted).  Thus, Plaintiff's claim against the USDOJ or Director Alston in his official capacity must be dismissed for failure to state a claim upon which relief can be granted.

### 2.  Individual-Liability Claim

With respect to Plaintiff's individual liability claim against Director Alston pursuant to *Bivens*, it appears his primary allegation is that Director Alston and his team did not investigate Plaintiff's alleged civil rights violation.  But Plaintiff has "'no statutory or common law right, much less a constitutional right, to an investigation.'"  *Tallent v. United States on behalf of Internal Revenue Serv.*, No. 3:23-CV-51-TRM-JEM, 2023 WL 4137283, at *2–3 (E.D. Tenn. May 16, 2023) (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citations omitted)).  As the Sixth Circuit Court of Appeals has explained:

> It is true that law enforcement officials can be liable for their inaction when they fail to perform a statutorily imposed duty to enforce the law equally and fairly.  However, a failure to adequately investigate an incident does not state a claim unless the defendants violate a specific constitutional right of the plaintiff.  Here[,] the plaintiff merely requested an investigation by the FBI, and he alleges that the response was inadequate.  On these facts, the district court was correct to conclude that he had failed to state a claim.

*Tallent*, 2023 WL 4137283, at *2 (quoting *Buerger v. Smith*, 1985 WL 13876, at *1 (6th Cir. Oct. 9, 1985)); *see also Smallwood v. McDonald*, 805 F.2d 1036, 1986 WL 18183, at *1 (6th Cir. 1986) ("The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." (citation omitted); *Anderson v. Memphis Union Mission*, No. 2:22-CV-02402-TLP-ATC, 2023 WL 2945317, at *9 (W.D. Tenn. Jan. 21, 2023) ("Instead, the decision to conduct the investigations requested by [the plaintiff] is left to the discretion of the governmental entities.").

For these reasons, Plaintiff's individual-capacity claim against Director Alston must be dismissed for failure to state a claim upon which relief can be granted.

### B.  42 U.S.C. § 1983

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1.  Official-Capacity Claims

Plaintiff sues the Kentucky Justice and Public Safety Cabinet, KDOC, KSR and each individually named Defendant in his or her official capacity.

A state and its agencies, such as the Kentucky Justice and Public Safety Cabinet, KDOC, and KSR, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico*

*Aqueduct and Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and Congress did not intend to override the traditional sovereign immunity of the states in enacting § 1983.  *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

"[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Therefore, Plaintiff's claims against all state-employed Defendants are construed as brought against the Commonwealth of Kentucky.  State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment acts as a bar to claims for all relief claims for monetary damages against state employees or officers sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.

For these reasons, Plaintiff's claims against the Kentucky Justice and Public Safety Cabinet, KDOC, and KSR for all relief and his official-capacity claims against Harvey, Crews, Valentine, and Craigmyle for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### 2.  Individual-Capacity Claims

Plaintiff claims that Defendants' refusal to transfer him to another institution to participate in the SAMAT Program and college and vocational training programs resulted in "mistreatment, procedural neglect, and indifference as cruel and unusual punishment" that violates Plaintiff's rights under the Eighth Amendment. [DN 13 at 4].

"An inmate claiming a violation of the Eighth Amendment must allege that prison officials knew about but ignored conditions resulting 'in the denial of the minimal civilized measure of life's necessities.'" *Dietrich v. Wisconsin Dep't of Corr.*, No. 11-CV-862-WMC, 2012 WL 1903432, at *5 (W.D. Wis. May 25, 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981))).  The Eighth Amendment, however, does not compel prison administrators or staff to provide educational and substance abuse programs for inmates. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (concluding that inmate did not have an Eighth Amendment right to participate in educational and substance abuse programs).

In fact, prisoners have no constitutional right to participate in vocational, educational, or rehabilitation programs, such as substance abuse treatment programs, while incarcerated. *Whitaker v. Thornton*, No. 3:13CV-P859-M, 2014 WL 585323, at *3 (W.D. Ky. Feb. 14, 2014). *See also Bullock v. McGinnis*, 5 F. App'x 340, 348 (6th Cir. 2001) (prisoners have no constitutional right to rehabilitation, education, or jobs); *Carter v. Morgan*, No. 97–5580, 1998 WL 69810 (6th Cir. Feb. 10, 1998) (prisoner has no constitutional right to educational classes); *Banks v. Marcum*, No. 1:19-CV-P39-GNS, 2019 WL 2167692, at *2 (W.D. Ky. May 17, 2019) (same); *Ballard v. Sims*, No. 5:16CV00260-JLH-JJV, 2016 WL 8677346, at *2 (E.D. Ark. Aug. 26, 2016) (same); *Campbell v. Hooper*, No. CIV.A. 11-091-GMS, 2011 WL 2443762, at *2 (D. Del. June 14, 2011) ("Prisoners have no constitutional right to drug treatment or other rehabilitation."); *Baines v. Barlow*, No. 7:10CV00535, 2010 WL 5477690, at *3 (W.D. Va. Dec. 30, 2010) (same).

Furthermore, "prisoners have no inherent constitutional right to placement in any particular prison; transfers to any particular prison; any particular security classification; or housing assignment." *Bates v. Stapleton*, No. CIV.A.7:08CV28-KKC, 2008 WL 793623, at *4 (E.D. Ky.

8

Mar. 20, 2008) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976)); *see also Gonzalez v. Hebert*, No. CIVA 06-0516, 2006 WL 2349585, at *2 (W.D. La. July 22, 2006).

Based on Plaintiff's failure to demonstrate a violation of a constitutional right, it follows that Plaintiff has failed to state a claim for which relief may be granted under the Eighth Amendment, and these claims must be dismissed.

Finally, the Court turns to Plaintiff's allegation that Defendants Warden Valentine and Fiscal Manager Craigmyle, along with other inmate-account staff, overcharged Plaintiff's Inmate Prison Trust Account for the filing fee associated with the current action. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim for the deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543–44. The law of this circuit is in accord. The Sixth Circuit has held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191–92 (6th Cir. 1985).

## IV.  CONCLUSION

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.014

October 19, 2023